Hector J. Quezada (SBN 330236)
International Institute of Los Angeles
3845 Selig Place
Los Angeles, CA 90031
(323) 264-6217
hquezada@iilosangeles.org
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| FRANCISCO SANCHEZ SANDOVAL,<br>*Petitioner,*<br>v.<br>WARDEN, ADELANTO ICE PROCESSING<br>CENTER, DESERT VIEW ANNEX; FIELD<br>OFFICE DIRECTOR, LOS ANGELES, ICE;<br>DIRECTOR, ICE; SECRETARY, DHS;<br>ATTORNEY GENERAL OF THE UNITED<br>STATES,<br>*Respondents.* | **Case No.** ____________________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (PROLONGED DETENTION)**<br><br>**Related Case:** 5:26-cv-02970-JDE<br><br>A# 221-462-277 |

## I. INTRODUCTION

1. Petitioner Francisco Sanchez Sandoval has been in the civil immigration custody of the Department of Homeland Security ("DHS") at the Adelanto ICE Processing Center since March 25, 2026 — more than six months. He has never had an individual merits hearing on his application for cancellation of removal. His only bond hearing was held on June 30, 2026, before Immigration Judge Darin Flagg, who denied bond, found Petitioner both a danger to society and a flight risk, and set no bond amount. No new look at his custody has occurred since.

2. Central to that denial was the Immigration Judge's finding that Petitioner's relief was "inherently speculative because it has never been filed." That is no longer true. On September 28, 2026 — three months after the bond denial — Petitioner filed a motion to remand supported by his executed Form EOIR-42B application for cancellation of removal and a request for waiver of the filing fee. The very deficiency the Immigration Judge identified as a basis for finding flight risk has been cured, and no court or tribunal has since reassessed custody in light of it.

3. Petitioner brings this as-applied due process challenge to the prolongation of his detention. He does not ask this Court to impose a categorical rule requiring a second bond hearing with the government bearing a heightened burden — the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), forecloses that argument as a general matter. He asks instead for what that same decision left open: individualized relief where, on the particular facts of a prolonged detention, continued custody without a fresh, individualized look has become constitutionally unreasonable. *Id.* at 1196 (the panel's holding does not "foreclose all as-applied challenges" to § 1226(a) detention procedures).

4. Those facts are: over six months of detention with no end in sight; the filing, since the only bond hearing he has had, of the very application whose absence the Immigration Judge cited as evidence of flight risk; a deteriorating and inadequately treated medical condition; an established sponsorship and employment plan, limited at the June 30 hearing only by curable evidentiary gaps; and three United States citizen children. As to danger, Petitioner does not ask this Court to ignore the 2009 incident the Immigration Judge relied on, but to weigh it as what it is: a seventeen-year-old, non-criminal citation with no repetition of the underlying conduct and no conviction of any kind anywhere in this record. Petitioner asks this Court to order a new bond hearing that accounts for these facts, or, in the alternative, his release.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 2241, which authorizes habeas relief for persons held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). Federal question jurisdiction also lies under 28 U.S.C. § 1331. Jurisdiction to review the constitutionality of the duration and procedures of civil immigration detention under § 1226(a) is well established. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946–47 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058–59 (9th Cir. 2008).

6. Venue is proper in this district because Petitioner is confined at the Adelanto ICE Processing Center, which is located in San Bernardino County within the Eastern Division of the Central District of California. 28 U.S.C. § 2241(d); C.D. Cal. L.R. 5-2. This action is related to *Sanchez Sandoval v. Warden, et al.*, No. 5:26-cv-02970-JDE (C.D. Cal.), as set out in the accompanying Notice of Related Case.

7. Exhaustion of administrative remedies is not a jurisdictional prerequisite to a § 2241 petition challenging the constitutionality of continued civil detention, as distinct from a challenge to removability itself. *See Singh v. Holder*, 638 F.3d 1196, 1200–01 (9th Cir. 2011) (addressing merits of § 1226(a) detention challenge on habeas); 8 U.S.C. § 1252(b)(9) (channeling provision applies to questions of law and fact arising from an order of removal, not to the separate constitutionality of ongoing detention). Petitioner has in any event pursued every

administrative avenue available to him: he timely appealed the June 30, 2026 bond denial, which the Board accepted for filing on July 1, 2026, and which remains pending and undecided more than three months later; and he has separately pursued a brief in support of appeal, filed September 24, 2026, and a motion to remand, filed September 28, 2026, before the Board. The pendency of the bond appeal does not counsel waiting further — to the contrary, more than three months without a decision on a bond appeal is itself part of the prolongation this Petition challenges, and nothing in the law requires a detained person to wait indefinitely for a parallel administrative process before a federal court may consider whether continued detention has become unconstitutional.

## III. PARTIES

8. Petitioner Francisco Sanchez Sandoval is a native and citizen of Mexico, A# 221-462-277, detained at the Adelanto ICE Processing Center, Desert View Annex.
9. Respondents are the Warden of the Adelanto ICE Processing Center (immediate custodian); the ICE Los Angeles Field Office Director; the Director of ICE; the Secretary of Homeland Security; and the Attorney General of the United States, each sued in their official capacity.

## IV. STATEMENT OF FACTS

### A. Removal Proceedings

10. DHS issued a Notice to Appear against Petitioner on March 25, 2026, charging him as removable under INA § 212(a)(6)(A)(i), and he has been detained at Adelanto continuously since that date.

11. On April 27, 2026, Petitioner appeared pro se before Immigration Judge Matthew C. Chan and stated he had located counsel; the matter was reset to allow counsel to appear.

12. On May 6, 2026, Petitioner appeared pro se before Immigration Judge Darin Flagg. He testified under oath that his family had retained counsel and requested a one-week continuance. The request was denied. The Immigration Judge sustained the charge, designated Mexico, and ordered any applications for relief filed by June 10, 2026.

13. Counsel entered appearances on May 8 and May 29, 2026. On June 10, 2026, counsel appeared, explained the delay, and requested a short continuance. The Immigration Judge denied the continuance, deemed all relief waived and abandoned, and ordered Petitioner removed to Mexico.

14. Petitioner timely appealed. The Board issued a briefing schedule on September 8, 2026. Petitioner filed his brief in support of appeal on September 24, 2026, and a motion to remand — supported by his executed Form EOIR-42B application for

cancellation of removal and a request for waiver of the filing fee — on September 28, 2026. Both remain pending before the Board.

15. No conviction of any kind appears anywhere in the record of proceedings. The 2010 arrest referenced earlier in these proceedings was an unsubstantiated, never-documented assertion by Department counsel, which Department counsel itself could not verify and never pursued further. A separate 2009 incident — discussed below in connection with the June 30, 2026 bond hearing — did not result in a conviction either, but was addressed by Petitioner in his own testimony and is accordingly treated in this Petition on its own terms rather than grouped with the unsubstantiated 2010 assertion.

**B. Petitioner's Bond-Eligible Class Status and the Prior Habeas Proceeding**

16. Petitioner's entitlement to a bond hearing notwithstanding his entry without inspection is independently established by *Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), in which the Honorable Sunshine Suzanne Sykes, United States District Judge, certified a "Bond Eligible Class" and held that class members detained under 8 U.S.C. § 1226(a) are entitled to consideration for bond and, if not released, a custody redetermination hearing before an immigration judge. That December 2025 judgment remains in effect in this district notwithstanding a pending Ninth Circuit appeal, in which the Ninth

Circuit has stayed the appeal itself rather than the underlying judgment. *Bautista v. DHS*, No. 26-1044 (9th Cir.), Dkt. 17.1.

17. On May 31, 2026, Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court, *Sanchez Sandoval v. Warden, et al.*, No. 5:26-cv-02970-JDE, contending that his continued detention without an individualized bond hearing violated due process and his rights as a *Bautista* Bond Eligible Class member.

18. Respondents' Answer in that case acknowledged Petitioner's membership in the Bond Eligible Class and did not dispute that he was entitled to consideration under *Bautista*. Respondents did not take the position, taken by the government in other cases, that *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), strips immigration judges of jurisdiction to conduct bond hearings in entry-without-inspection cases.

19. On June 10, 2026, the Honorable John D. Early, United States Magistrate Judge, granted the petition in part, finding that a bond hearing would not be futile given Respondents' concession, and ordered Respondents to provide Petitioner an individualized bond hearing before an immigration judge within seven days, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied. No. 5:26-cv-02970-JDE, Dkt. 10.

20. A bond hearing held on June 16, 2026 did not comply with that order because Petitioner's counsel was not permitted to appear or present evidence. On June 26, 2026, on Petitioner's unopposed motion, Judge Early again ordered Respondents to provide a compliant hearing within seven days. No. 5:26-cv-02970-JDE, Dkt. 13.

21. The hearing Petitioner received on June 30, 2026, described below, satisfied that order: Petitioner appeared through counsel, presented evidence and argument, and received a reasoned written decision. The relief ordered in Case No. 5:26-cv-02970-JDE has accordingly been fulfilled. This Petition raises a separate claim, arising from the months of detention since that hearing, that Case No. 5:26-cv-02970-JDE did not and could not have addressed, and is filed as a related case to it for the reasons stated in the accompanying Notice of Related Case.

## C. Custody History: the June 30, 2026 Bond Denial

22. Petitioner's detention has at all times been under 8 U.S.C. § 1226(a): because his removal order is not administratively final while his appeal is pending before the Board, he remains in the pre-final-order, bond-eligible custody category rather than post-order detention under § 1226(c) or § 1231(a). *Casas-Castrillon*, 535 F.3d at 948–49; *Prieto-Romero*, 534 F.3d at 1059.

23. Petitioner received this bond hearing on June 30, 2026, before Immigration Judge Darin Flagg, held pursuant to the orders in *Sanchez Sandoval v. Warden, et al.*,

No. 5:26-cv-02970-JDE, described above. The order itself notes that the underlying district court order was silent as to the burden of proof. The Immigration Judge placed the burden of proof on Petitioner, denied bond, and set no bond amount, on two independent grounds.

24. First, as to danger, the Immigration Judge found Petitioner had not met his burden based on his own testimony that in 2009 he had consumed alcohol, attempted to drive, was stopped immediately upon leaving the establishment, and was cited for driving without a license — and that he continued driving without a license until approximately 2023. The Immigration Judge characterized this history, combined with Petitioner's unadmitted entry and his stated concern for his children's safety in his ex-wife's custody, as showing “a disregard for the laws of this country.”

25. Second, as to flight risk, the Immigration Judge found that Petitioner's prospective relief was “inherently speculative because it has never been filed,” and expressed concern that Petitioner's stated priority of regaining custody of his children, combined with his pending removal order, created an incentive to abscond.

26. The Immigration Judge also declined to fashion any bond amount. Petitioner's proposed sponsor, Rita Magaña De Espinoza, a lawful permanent resident who periodically employs Petitioner, appeared and testified, and offered to mortgage

her home to post bond. The Immigration Judge declined to require or accept that offer, citing *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), which holds that any bond imposed must be one the respondent is actually able to pay. The Immigration Judge separately noted that Ms. Magaña De Espinoza's supporting financial records showed a leveraged business and no verified personal financial documentation, and that her residence in Sun City, California is roughly 100 miles from the Palmdale address where Petitioner proposed to reside if released, raising a monitoring concern.

27. The Immigration Judge's written order reserved Petitioner's appeal rights as to the bond denial, with an appeal due by July 30, 2026. Petitioner timely appealed; the Board accepted the bond appeal for filing on July 1, 2026, and it remains pending and undecided as of this filing — more than three months later.

28. Since that hearing, Petitioner's circumstances have materially changed in the two respects the Immigration Judge's own order identified as central: the application for relief the Immigration Judge described as never filed has now been filed, together with a motion to remand and a facially substantial brief in support of appeal; and Petitioner's health has deteriorated. No bond redetermination or further individualized custody review has occurred since June 30, 2026 — over three months before this filing.

### D. Medical Condition

29. Petitioner has reported, in a call with counsel on October 5, 2026, ongoing and worsening pain in his hands and knees, and new-onset headaches and dizziness over recent weeks. He is seen by medical staff at the facility approximately every two weeks. He has informed medical staff of his joint pain and has been told no medication is available for it; he was given an analgesic only for an unrelated dental complaint. As of this filing, his joint pain remains untreated.

30. Prolonged, inadequately treated pain of this kind compounds the hardship of continued detention and is a circumstance this Court may properly weigh in assessing whether continued custody, without a fresh individualized hearing, remains reasonable. **[CONFIRM: has a written sick-call request or medical-records request been submitted, per counsel's earlier plan — if so, attach as an exhibit]**.

### E. Release Plan and Community Ties

31. Petitioner has resided in the United States continuously since on or about 2002 — approximately twenty-four years — without departure. He is the father of three United States citizen children, for whose custody he is party to a pending matter in Fresno County Superior Court, *In re the Marriage of Sanchez Sandoval*, No. 25CEFL05307.

32. Rita Magaña De Espinoza, a lawful permanent resident, continues to offer to sponsor Petitioner upon release and to train him in residential construction and installation work. Petitioner's proposed residence upon release remains his home in Palmdale, California, approximately 100 miles from Ms. Magaña De Espinoza's residence in Sun City. Petitioner does not propose to close that distance by relocating, and instead addresses the Immigration Judge's monitoring concern directly: through conditions of release that do not depend on the sponsor's physical proximity, as set out below.

33. Given Petitioner's documented indigency, reflected in the fee waiver filed with his motion to remand, any bond this Court or the Immigration Court orders on renewed review must, under *Hernandez v. Sessions*, be one Petitioner can actually pay. Petitioner accordingly requests release on his own recognizance or on a nominal, payable bond with appropriate conditions of supervision.

## V. LEGAL STANDARD

Civil immigration detention under § 1226(a) is constitutionally permissible for a period reasonably necessary to complete removal proceedings, but due process imposes limits once detention becomes prolonged. *Demore v. Kim*, 538 U.S. 510, 529–31 (2003) (upholding mandatory detention only for the “brief period necessary” for proceedings); *Jennings v. Rodriguez*, 583 U.S. 281, 304–05 (2018) (declining to read periodic bond hearings into the statute, while leaving the constitutional question

open); *Casas-Castrillon*, 535 F.3d at 949–50 (prolonged detention under § 1226(a) pending a Board appeal may itself raise due process concerns requiring an individualized bond hearing with adequate procedural protection).

In *Rodriguez Diaz v. Garland*, the Ninth Circuit held that due process does not categorically require the government to justify continued § 1226(a) detention by clear and convincing evidence at a second bond hearing. 53 F.4th at 1195–96. The panel's holding was general and prospective; it was not a finding that any particular period of detention, on any particular record, is per se reasonable. The panel expressly reserved individualized, as-applied challenges for cases presenting extreme or unusual circumstances. *Id.* at 1196. Eleven judges dissented from the denial of rehearing en banc, underscoring that the question of what process is due in genuinely prolonged cases remains unsettled rather than foreclosed. *Rodriguez Diaz v. Garland*, 90 F.4th 1109 (9th Cir. 2023) (Paez, J., dissenting from denial of rehearing en banc).

Courts assessing whether detention has become unreasonably prolonged, and whether due process requires a fresh individualized hearing, look to factors including: the length of detention; the likely duration of future detention; whether the detention exceeds the time the respondent spent in custody for any underlying criminal offense (here, none); the conditions of detention; delay caused by the government as opposed to by the respondent's own litigation; and the respondent's

diligence in pursuing relief. *See Reid v. Donelan*, 819 F.3d 486, 494–95 (1st Cir. 2016); *German Santos v. Warden*, 965 F.3d 203, 211 (3d Cir. 2020) (persuasive authority outside this Circuit, applying a multi-factor reasonableness approach to prolonged § 1226(a) detention).

## VI. ARGUMENT

Petitioner's prolonged detention, on this record, has become constitutionally unreasonable and entitles him to a new individualized bond hearing or release.

### A. The length of detention and the absence of any merits hearing weigh heavily in Petitioner's favor.

Petitioner has now been detained for more than six months without ever having had an individual merits hearing on his eligibility for relief. His detention has not been shortened by any finding that his claims lack merit — to the contrary, no adjudicator has ever reached the merits, because the proceedings ended on a continuance and abandonment ruling that is itself the subject of his pending appeal. Detention that is prolonged by the very procedural failure the respondent is now challenging on appeal is the paradigm case for heightened due process scrutiny.

### B. Petitioner has been diligent, and the delay is not of his making.

Petitioner retained counsel within two days of the May 6, 2026 hearing. Counsel has since filed a timely notice of appeal, a brief in support of appeal within the Board's schedule, and a motion to remand supported by a complete application for relief — all without any unnecessary delay. The pendency of these filings reflects an active, substantial challenge to removal, not dilatory litigation. Where delay reflects the government's own process — the time needed for the Board to resolve a pending appeal and motion — rather than a respondent's gamesmanship, that delay weighs in favor of relief, not against it.

### C. The Immigration Judge's own stated basis for finding flight risk — that relief had never been filed — has been cured.

The Immigration Judge's June 30, 2026 bond denial rested in significant part on the finding that Petitioner's prospective cancellation-of-removal relief was "inherently speculative because it has never been filed." That is no longer an accurate description of this record. On September 28, 2026, Petitioner filed a motion to remand supported by his executed Form EOIR-42B, answering in concrete terms the very deficiency the Immigration Judge identified. A flight-risk finding grounded expressly on the absence of a filed application cannot simply carry forward, unexamined, once that application has been filed. No tribunal has yet had the

opportunity to weigh that change, because none has reviewed Petitioner's custody since.

**D. The danger finding rests on a single, seventeen-year-old, non-criminal incident that does not establish Petitioner is a present danger.**

Petitioner does not dispute what he told the Immigration Judge: that in 2009 he was stopped after drinking and attempting to drive, and was cited for driving without a license, and that he continued to drive unlicensed for a number of years afterward. No conviction resulted from the 2009 incident, and nothing in this record shows any repetition of that conduct, any arrest for driving under the influence before or since, or any act of violence, dishonesty, or harm to another person at any point in Petitioner's roughly twenty-four years in this country. Unlicensed driving by a person without lawful status, whatever its legal consequences, reflects the practical reality of his status far more than it reflects a present danger to the community, and a single seventeen-year-old incident of this kind — uncoupled from any later repetition — is a thin basis on which to conclude, more than six months into an otherwise unblemished period of detention, that Petitioner remains too dangerous for any form of release.

### E. Petitioner's sponsorship and release plan, properly structured, satisfy the concerns the Immigration Judge raised.

The Immigration Judge did not reject Ms. Magaña De Espinoza's sponsorship on the merits; he declined only to force her to mortgage her home, consistent with *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), and separately flagged gaps in her financial documentation and the roughly 100-mile distance between her residence in Sun City and Petitioner's proposed residence in Palmdale as reasons he could not fashion a bond. Petitioner does not propose to relocate to close that distance; Ms. Magaña De Espinoza's role is as an employer and sponsor, not a cohabitant required to personally monitor Petitioner day to day. The monitoring concern the Immigration Judge identified is answered not by proximity but by conditions of release courts and immigration judges routinely impose regardless of a sponsor's address: electronic or GPS monitoring, participation in ICE's Alternatives to Detention / ISAP program, and periodic in-person or telephonic reporting. Petitioner requests that any renewed bond hearing consider such conditions, together with *Hernandez*'s requirement that any bond actually be payable, which, given the indigency already documented in his pending fee waiver, points toward release on recognizance or a nominal bond with these supervision conditions rather than no relief at all.

**F. Petitioner's deteriorating medical condition adds further weight to the due process calculus.**

Petitioner's reported hand and knee pain, now accompanied by headaches and dizziness, has gone substantially untreated. Continued detention without adequate medical care compounds the hardship of prolonged confinement and is properly considered alongside the duration factors above in assessing whether continued detention, without renewed individualized review, remains reasonable.

**G. This case falls within the as-applied exception Rodriguez Diaz itself preserved.**

Petitioner does not ask this Court to hold that due process categorically requires the government to bear a heightened burden at a second bond hearing in every prolonged-detention case; *Rodriguez Diaz* forecloses that argument. He asks instead for the individualized relief that decision left open: a new bond hearing, before an Immigration Judge, that takes account of the extraordinary duration of his detention, the complete absence of any merits adjudication, his diligence, his deteriorating health, and the materially strengthened release plan now before the Court — or, if the Court concludes the detention has become so prolonged and unjustified that no further administrative process can cure it, his outright release on appropriate conditions.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

Assume jurisdiction over this Petition;

Order Respondents to provide Petitioner a new, individualized bond hearing before an Immigration Judge within fourteen (14) days, at which the factors set out above are considered;

In the alternative, order Petitioner's immediate release from custody on appropriate conditions of supervision;

Award Petitioner reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Hector J. Quezada

Hector J. Quezada (SBN 330236)

International Institute of Los Angeles

3845 Selig Place, Los Angeles, CA 90031

(323) 264-6217 | hquezada@iilosangeles.org

Attorney for Petitioner

**VERIFICATION**

I, Francisco Sanchez Sandoval, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have reviewed the foregoing Petition, and that the factual allegations regarding my detention, my proceedings, and my medical condition are true and correct to the best of my knowledge and belief.

Executed on **[DATE]**, at Adelanto, California.

/s/ Francisco Sanchez Sandoval

___________________________________

Francisco Sanchez Sandoval, Petitioner — A# 221-462-277