UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

FRANCISCO SANCHEZ SANDOVAL,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, et al.,

Respondents.

No. 5:26-cv-05926-JDE

ORDER REGARDING COMPLAINT

## I.
## INTRODUCTION

On October 6, 2026, Francisco Sanchez Sandoval ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus (Dkt. 1, "Petition" or "Pet."), challenging his continued immigration detention and seeking a new bond hearing or in the alternative, immediate release. This is not the first habeas petition Petitioner has filed challenging his immigration detention. See Sanchez Sandoval v. Warden, et al., Case No. 5:26-cv-02970-JDE (C.D. Cal.) ("Prior Action"). On June 10, 2026, the Court granted the prior petition, in part, ordering Respondents to provide Petitioner an individualized bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a). Prior

Action, Dkt. 10. Judgment was entered the same day. Id., Dkt. 11. On June 26, 2026, Petitioner filed an Unopposed Motion to Enforce Judgment and for an Order Directing a New Bond Hearing. Id., Dkt. 12 ("Motion to Enforce"). The unopposed Motion to Enforce was granted the same day, and Respondents were again ordered to provide Petitioner an individualized bond hearing before an IJ. Id., Dkt. 13. Petitioner received the bond hearing on June 30, 2026. Dkt. 10-1 ("Bond Decision"). The IJ denied bond in a reasoned decision, finding Petitioner did not meet his burden to demonstrate he is not a danger to society and affirmatively found Petitioner is a flight risk. Id.

In the instant Petition, Petitioner challenges his ongoing "prolonged detention," arguing he has been detained for more than six months without having had an individual merits hearing on his eligibility for relief from removal; he has been diligent in seeking relief; the reasoning for the IJ's flight risk finding has been cured; the dangerousness finding resting on a single, 17-year-old non-criminal incident does not establish a present danger; Petitioner's sponsorship and release plan satisfies the IJ's concerns; and his deteriorating medical condition adds further weight to the due process calculus.

Respondents filed an Answer, arguing that the bond hearing was not defective, Petitioner must exhaust administrative remedies, and conditions of detention are outside the scope of habeas. Dkt. 10. Petitioner filed a Reply, clarifying that he does not ask the Court to second-guess how the IJ weighed the evidence, but instead, "whether, nearly seven months into civil detention, due process permits the government to keep holding Petitioner with no further individualized review after the central premise of the bond denial has disappeared." Dkt. 11 ("Reply") at 3.

For the reasons discussed below, the Petition is denied.

/ / /

/ / /

## II.
## BACKGROUND

Petitioner is a citizen and national of Mexico. Pet. ¶ 8. The Department of Homeland Security issued a Notice to Appear on March 25, 2026, charging him as removable under Immigration and Nationality Action § 212(a)(6)(A)(i). Petitioner has been detained since that date. Id. ¶ 10. On June 10, 2026, the IJ denied Petitioner's request for a continuance, deemed all relief waived and abandoned, and ordered Petitioner removed to Mexico. Id. ¶ 13. Petitioner filed an appeal and a motion to remand, supported by an application for cancellation of removal. Both remain pending. Id. ¶ 14.

As noted, pursuant to the Court's order in the Prior Action, Petitioner was afforded a bond hearing on June 30, 2026. Bond was denied based on flight risk and danger. See Bond Decision. Petitioner filed an appeal, which remains pending. Pet. ¶ 27. No bond redetermination or further individualized custody review has occurred since June 30, 2026. Id. ¶ 28.

## III.
## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d

605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry his burden to prove his current custody violates his federal rights.

As noted, Petitioner asserts a due process challenge to his ongoing prolonged detention. Because Petitioner has appealed the IJ's removal order, Petitioner's removal order is not final and his detention is governed by 8 U.S.C. § 1226(a).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

The Due Process Clause does not entitle a noncitizen detained under Section 1226(a) to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1993-94 (9th Cir. 2022) (finding "Section 1226(a) offers substantial procedural protections to detained persons" and petitioner did not show these procedures violate due process, either facially or as applied). In Rodriguez Diaz, the petitioner was detained under 1226(a), received a bond hearing two months into his detention, was denied bond, and was thereafter detained for another year. Id. at 1194-95. The petitioner moved for a new bond

and custody redetermination hearing before an IJ based on a material change in circumstances, then filed a habeas petition in federal district court when his motion for a new bond hearing was denied. Id. at 1195. Analyzing the claims under the Mathews framework, the Ninth Circuit found that the petitioner had shown he had a private interest in freedom from prolonged detention. Id. at 1207. The Ninth Circuit cautioned, however, that the Court "cannot simply count [the] months of detention and leave it at that," and instead also must consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order. Id. at 1208. His private interests were further diminished by the fact that he was subject to an order of removal. Id.

As to the second Mathews factor, existing agency procedures sufficiently protected petitioner's liberty interest and mitigated the risk of erroneous deprivation. Rodriguez Diaz, 53 F.4th at 1209. The Ninth Circuit considered that an ICE officer made an initial individualized custody determination when petitioner was detained; the petitioner received an individualized bond hearing before an IJ, where he was represented by counsel, could present evidence, and had the right to appeal to the Board of Immigration Appeals ("BIA") and seek habeas review on any error of law; and he had the right to seek an additional bond hearing based on materially changed circumstances. Id. at 1209. The Ninth Circuit found these procedural safeguards ensured that the government's decision to detain petitioner was subject to numerous levels of review, such that "the risk of erroneous deprivation would be 'relatively small.'" Id. at 1210 (citation omitted).

As to the third factor, the government's interests were "significant." Rodriguez Diaz, 53 F.4th at 1209. The government had a "strong interest" in enforcing the immigration laws, which "is especially true when it comes to determining whether removable [noncitizens] must be released on bond during

the pendency of removal proceedings." Id. at 1208. Such interests "only increase with the passage of time," as "[t]he longer detention lasts and the longer the challenges to an IJ's order of removal take, the more resources the government devotes to securing [a noncitizen's] ultimate removal" and the risk of a detainee absconding "inevitably escalates as the time for removal becomes more imminent." Id. at 1208-09. After considering the Mathews factors, the Ninth Circuit found petitioner had not demonstrated a due process violation, explaining that the private interest of a detained noncitizen under Section 1226(a) is lower than that of a detained U.S. citizen, the governmental interests are significantly higher in the immigration detention context, and petitioner received "far more process" than detainees in prior cases in which the Supreme Court has upheld immigration detention schemes. Id. at 1213-14.

The Court finds Rodriguez Diaz controls here. In analyzing the first Mathews factor, as the Ninth Circuit explained, the Court cannot merely consider the length of time Petitioner has been detained. Petitioner has been afforded a bond hearing and as in Rodriguez Diaz, Petitioner's detention has become prolonged, at least in part, because he has challenged the IJ's removal order. Petitioner contends that one of the grounds for denying bond is no longer true. See Pet. at p.16. However, as explained in Rodriguez Diaz, further bond hearings before an IJ are available upon a showing of materially changed circumstances. 53 F.4th at 1207 (citing 8 C.F.R. § 1003.19(e)). Petitioner presents no evidence that he has requested such a hearing or that such a hearing is unavailable in his case.

Petitioner contends that his "deteriorating medical condition" has "gone substantially untreated," which should be considered in assessing whether continued detention is reasonable. Pet. ¶¶ 29-30, at p.19. Petitioner, however, provides no evidence to support this assertion.

Further, assuming a liberty interest exists, as in Rodriguez Diaz, the government's interest in enforcing the immigration laws is significant, and Petitioner fails to show that the existing agency procedures are inadequate to safeguard that liberty interest and mitigate the risk of erroneous deprivation. He received a bond hearing where he was represented by counsel, had the opportunity to challenge his detention, and had the opportunity to appeal the outcome of that bond decision to the BIA. Nothing prevents him from seeking further bond redeterminations based on materially changed circumstances that have arisen or might arise over the course of his detention. Rodriguez Diaz, 53 F.4th at 1209-10. The undersigned finds Petitioner has not shown his due process rights have been violated based on his continued detention.

Accordingly, Petitioner has not shown he is entitled to habeas relief.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition with prejudice; however, nothing herein precludes Petitioner from asserting future claims, in an appropriate forum, based on a change in circumstances.

Dated: October 19, 2026____

JOHN D. EARLY
United States Magistrate Judge